RECORD NOS. 14-4154(L); 14-4169; 14-4183; 14-4584

In The

# United States Court of Appeals

### For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

v.

## TREVIN MAURICE GIBSON; MICHAEL RONDALE GIBSON; DESHAUN ENTREA SPRUILL; PRENTISE JAVAUGHN WILKINS,

*Defendants – Appellants.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISRICT OF NORTH CAROLINA AT GREENVILLE**

───────────

## BRIEF OF APPELLANTS

───────────

Terry F. Rose
ATTORNEY AT LAW
212 Bridge Street
Post Office Box 2847
Smithfield, North Carolina  27577
(919) 938-1616

*Counsel for Appellant*
  *Trevin Maurice Gibson*

Eric J. Brignac
OFFICE OF THE FEDERAL
  PUBLIC DEFENDER
150 Fayetteville Street, Suite 450
Raleigh, North Carolina  27601
(919) 856-4236

*Counsel for Appellant*
  *Deshaun Entrea Spruill*

Brian M. Aus
BRIAN AUS, ATTORNEY AT LAW
Post Office Box 1345
Durham, North Carolina  27702
(919) 666-7690

*Counsel for Appellant*
  *Michael Rondale Gibson*

Lewis A. Thompson, III
BANZET, THOMPSON & STYERS, PLLC
Post Office Box 535
Warrenton, North Carolina  27589
(252) 257-3166

*Counsel for Appellant*
  *Prentise Javaughn Wilkins*

**THE LEX GROUP** ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA  23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................... iv

STATEMENT OF SUBJECT MATTER AND APPELLATE
JURISDICTION ......................................................................................... 1

ISSUES PRSENTED FOR REVIEW ........................................................... 2

STATEMENT OF THE CASE ...................................................................... 3

    Procedural History ................................................................................ 3

    Factual Background .............................................................................. 8

SUMMARY OF ARGUMENT .................................................................... 12

ARGUMENT ............................................................................................... 15

    I.    WHETHER MICHAEL GIBSON SHOULD BE RE-
        SENTENCED DUE TO SUBSTANTIVE
        UNREASONABLENESS OF HIS SENTENCE
        BECAUSE THE DISTRICT COURT VIOLATED THE
        REQUIREMENTS OF 18 U.S.C. § 3553(a) WHEN IT
        UPWARDLY DEPARTED 120 PERCENT FROM THE
        GUIDELINE PUNISHMENT OF 60 MONTHS AND
        INSTEAD IMPOSED A 132 MONTH SENTENCE ON
        THE FIRST 924(c) OFFENSE ................................................. 15

        Standard of Review ................................................................ 15

        Argument................................................................................ 16

i

II.    WHETHER MICHAEL GIBSON'S ALTERNATIVE
       VARIANT SENTENCE OF 432 MONTHS FOR TWO
       CONVICTIONS PURSUANT TO 18 U.S.C. § 924(c) IS
       SUBSTANTIVELY UNREASONABLE................................ 20

       Standard of Review ................................................. 20

       Argument.................................................................. 20

III.   THE DISTRICT COURT IMPOSED A
       PROCEDURALLY UNREASONABLE SENTENCE
       BY FAILING TO ADDRESS MR. SPRUILL'S
       ARGUMENTS IN FAVOR OF A SENTENCE BELOW
       THAT IMPOSED AND BY NOT EXPLAINING WHY
       IT REJECTED THOSE ARGUMENTS ................................ 22

       Standard of Review ................................................. 22

       Argument.................................................................. 22

IV.    WHETHER THE DISTRICT COURT COMITTED
       PROCEDURAL ERROR IN IMPOSING A SENTENCE
       UPON PRENTISE WILKINS ................................................ 26

       Standard of Review ................................................. 26

       Argument.................................................................. 26

V.     THE SENTENCING COURT'S IMPOSITION OF AN
       ADDITIONAL 13 YEARS IMPRISMENT ON THE
       FIRST 924(c) CONVICTION FOR TREVIN GIBSON
       LACKED SUBSTANTIVE REASONABLENESS................ 29

       Standard of Review ................................................. 29

       Argument.................................................................. 30

VI.    THE IMPOSITION OF A SENTENCE 3.6 TIMES
GREATER THAN THE ADVISORY GUIDELINE
SENTENCING RANGE COUPLED WITH
ADDITIONAL RECCOMMENDAITONS TO THE
BUREAU OF PRISONS RESULTED IN THE
IMPOSITION OF CRUEL AND UNUSUAL
PUNISHMENT ........................................................ 37

Standard of Review ................................................ 37

Argument ................................................................ 37

CONCLUSION ........................................................... 39

REQUEST FOR ORAL ARGUMENT ....................... 39

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Gall v. United States*,
552 U.S. 38, 128 S. Ct. 586 (2007) ............................................ *passim*

*Harmelin v. Michigan*,
501 U.S. 957, 111 S. Ct. 2860 (1991) ................................................. 38

*Pepper v. United States*,
562 U.S. _____, 131 S. Ct. 1229 (2011) ............................................ 21

*Rita v. United States*,
551 U.S. 338, 127 S. Ct. 2456 (2007) .................................... 17-18, 30

*Roper v. Simmons*,
543 U.S. 551, 125 S. Ct. 1183 (2005) ................................................ 19

*United States v. Allmendinger*,
706 F.3d 330, (4th Cir.), *cert. denied*,
133 S. Ct. 2747 (2013) ...................................................................... 30

*United States v. Boulware*,
604 F.3d 832 (4th Cir.2010) .............................................................. 26

*United States v. Carter*,
564 F.3d 325 (4th Cir. 2009) ...................................................... *passim*

*United States v. Chaimowitz*,
554 Fed. App'x 135 (4th Cir. 2014) ................................................. 25

*United States v. Dove*,
247 F.3d 152 (4th Cir.2001) .............................................................. 26

*United States v. Heath*,
559 F.3d 263 (4th Cir. 2009) ............................................................. 20

*United States v. Hood*,
    556 F.3d 226 (4th Cir.2009) ................................................... 27, 28, 29

*United States v. Howard*,
    ____ F.3d _____, Nos. 13-4296 and 4299 (4th Cir. 2014) .... 18, 19, 22

*United States v. Lynn*,
    592 F.3d 572 (4th Cir. 2010) ............................................................ 15

*United States v. Marin*,
    961 F.2d 493 (4th Cir. 1992) ............................................................ 15

*United States v. McManus*,
    734 F.3d 315 (4th Cir. 2013) ............................................................ 29

*United States v. Meyers*,
    280 F.3d 407 (4th Cir. 2002) ............................................................ 37

*United States v. Meyers*,
    598 F.3d 117 (4th Cir. 2009) ............................................................ 20

*United States v. Perez-Pena*,
    453 F.3d 236 (4th Cir. 2006) ................................................... 16, 17, 20

*United States v. Raby*,
    575 F.3d 376 (4th Cir. 2009) ............................................................ 15

*United States v. Robinson*,
    404 F.3d 850 (4th Cir.2005) ............................................................ 28

*United States v. Shortt*,
    485 F.3d 243 (4th Cir. 2007) ................................................... 19, 20, 21

*United States v. Simmons*,
    649 F.3d 237 (4th Cir. 2011) ...................................................... 18, 21

*United States v. Spinks*,
    770 F.3d 285 (4th Cir. 2014) ...................................................... 28, 29

*United States v. Villamil*,
  585 Fed. App'x 301 (4th Cir. 2014) ................................................... 25

*United States v. Villegas-Miranda*,
  579 F.3d 798 (7th Cir. 2009) ............................................................. 23

## CONSTITUTIONAL PROVISION

U.S. Const. amend. VIII ................................................ 14, 37, 38

## STATUTES

18 U.S.C. § 2 ..................................................................... *passim*

18 U.S.C. § 924(c) ............................................................. *passim*

18 U.S.C. § 924(c)(1)(A) .................................................. 1, 3, 4, 5

18 U.S.C. § 924(c)(1)(A)(i) ...................................................... 16

18 U.S.C. § 1951 ................................................................... 3, 4

18 U.S.C. § 1951(b) ................................................................... 9

18 U.S.C. § 3231 ........................................................................ 1

18 U.S.C. § 3553(a) ........................................................... *passim*

18 U.S.C. § 3553(a)(1) ............................................................. 25

18 U.S.C. § 3553(a)(2) ............................................................. 19

18 U.S.C. § 3553(a)(2)(A) ........................................................ 17

18 U.S.C. § 3553(a)(2)(B) ........................................................ 17

18 U.S.C. § 3553(a)(2)(C) .................................................... 17, 25

18 U.S.C. § 3553(e) ...................................................... 7, 27, 28, 29

18 U.S.C. § 3742 ........................................................................................... 1

28 U.S.C. § 1291 ........................................................................................... 1

**RULES**

Fed. R. App. P. 4(b) ................................................................................. 1

Fed. R. Crim. P. 32(d)(1)(E) ................................................................... 16

**GUIDELINES**

U.S.S.G. § 2K2.4B ................................................................................ 16

U.S.S.G. § 5K1.1 ............................................................................... 7, 29

U.S.S.G. § 5K1.1(a) ............................................................................ 27

U.S.S.G. § 5K2.21 ............................................................................... 16

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

This is a direct appeal by each of the four (4) Appellants Trevin Gibson, Michael Gibson, Deshaun Spruill and Prentise Wilkins from final orders of judgment imposed by the United States District Court for the Eastern District of North Carolina wherein each Appellant entered a guilty plea to two (2) counts of Aiding and Abetting another in the Use or Carrying of a Firearm during and in relation to a Crime of Violence in violation of Title 18 U.S.C. § 924(c)(1)(A) and Title 18 U.S.C. § 2. Subject matter jurisdiction is conferred in these matters upon the United States District Court pursuant to and in accordance with Title 18, United States Code, § 3231.

Appellate jurisdiction in each of these matters is conferred upon the United States Court of Appeals for the Fourth Circuit pursuant to and in accordance with Title 28, United States Code, § 1291; Title 18, United States Code, § 3742 and Rule 4(b) of the Federal Rules of Appellate Procedure. Each of the Appellants filed a timely notice of appeal. (J.A. p. 382, 384, 386 and 410)

## ISSUES PRSENTED FOR REVIEW

I.     WHETHER MICHAEL GIBSON SHOULD BE RE-SENTENCED DUE TO SUBSTANTIVE UNREASONABLENESS OF HIS SENTENCE BECAUSE THE DISTRICT COURT VIOLATED THE REQUIRMENTS OF 18 U.S.C. § 3553(a) WHEN IT UPWARDLY DEPARTED 120 PERCENT FROM THE GUIDELINE PUNISHMENT OF 60 MONTHS AND INSTEAD IMPOSED A 132 MONTH SENTENCE ON THE FIRST 924(c) OFFFENSE.

II.     WHETHER MICHAEL GIBSON'S ALTERNATIVE VARIANT SENTENCE OF 432 MONTHS FOR TWO CONVICTIONS PURSUANT TO 18 U.S.C. § 924(c) IS SUBSTANTIVELY UNREASONABLE.

III.     THE DISTRICT COURT IMPOSED A PROCEDURALLY UNREASONABLE SENTENCE BY FAILING TO ADDRESS MR. SPRUILL'S ARGUMENTS IN FAVOR OF A SENTENCE BELOW THAT IMPOSED AND BY NOT EXPLAINING WHY IT REJECTED THOSE ARGUMENTS.

IV.     WHETHER THE DISTRICT COURT COMITTED PROCEDURAL ERROR IN IMPOSING A SENTENCE UPON PRENTISE WILKINS.

V.     THE SENTENCING COURT'S IMPOSITION OF AN ADDITIONAL 13 YEARS IMPRISMENT ON THE FIRST 924(c) CONVICTION FOR TREVIN GIBSON LACKED SUBSTANTIVE REASONABLENESS.

VI.     THE IMPOSITION OF A SENTENCE 3.6 TIMES GREATER THAN THE ADVISORY GUIDELINE SENTENCING RANGE COUPLED WITH ADDITIONAL RECOMMENDATIONS TO THE BUREAU OF PRISONS RESULTED IN THE IMPOSITION OF CRUEL AND UNUSUAL PUNISHMENT.

## STATEMENT OF THE CASE

*Procedural History*

On June 13, 2012, Trevin Gibson, Michael Gibson, Prentise Wilkins and Deshaun Spruill along with a fifth man, Marcus Garrett, were named in a thirty-two (32) count Indictment filed in the Eastern District of North Carolina. This Indictment was followed by a thirty-two (32) count Superseding Indictment filed March 12, 2013. (J.A. p. 56, 78)

The charges in the Superseding Indictment were as follows:

* Trevin Gibson was charged in Counts One, Three, Seven, Eleven, Thirteen, Twenty-One, Twenty-Three, Twenty-Five, Twenty-Nine and Thirty-One with Aiding and Abetting the Robbery of a Business Engaged in Interstate Commerce in violation of 18 U.S.C. § 1951 and § 2. In Counts Two, Four, Eight, Twelve, Fourteen, Twenty-Two, Twenty-Four, Twenty-Six, Thirty, and Thirty-Two Trevin Gibson was charged with Aiding and Abetting the Use, Carrying and Brandishing of a Firearm during and in relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A) and § 2. (J.A. p. 78)

* Michael Gibson was charged in Counts One, Three, Five, Seven, and Eleven with Aiding and Abetting the Robbery of a Business Engaged in Interstate Commerce in violation of 18 U.S.C. § 1951 and § 2.

3

In Counts Two, Four, Six, Eight, and Twelve Michael Gibson was charged with Aiding and Abetting the Use, Carrying and Brandishing of a Firearm during and in relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A) and § 2. (J.A. p. 78)

    \* Prentise Wilkins was charged in Counts Nine, Seventeen, Nineteen, Twenty-One, Twenty-Three, Twenty-Five, Twenty-Seven, Twenty-Nine, and Thirty-One with Aiding and Abetting the Robbery of a Business Engaged in Interstate Commerce in violation of 18 U.S.C. § 1951 and § 2. In Counts Ten, Eighteen, Twenty, Twenty-Two, Twenty-Four, Twenty-Six, Twenty-Eight, Thirty and Thirty-Two Mr. Wilkins was charged with Aiding and Abetting the Use, Carrying and Brandishing of a Firearm during and in relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A) and § 2. (J.A. p. 78)

    \* Deshaun Spruill was charged in Counts Nine, Thirteen, Fifteen, Seventeen, Nineteen, Twenty-One, Twenty-Three, Twenty-Five, Twenty-Seven, Twenty-Nine, and Thirty-One with Aiding and Abetting the Robbery of a Business Engaged in Interstate Commerce in violation of 18 U.S.C. § 1951 and § 2. In Counts Ten, Fourteen, Sixteen, Eighteen, Twenty, Twenty-Two, Twenty-Four, Twenty-Six, Twenty-Eight, Thirty and Thirty-Two Mr. Spruill was charged with Aiding and Abetting the Use, Carrying

4

and Brandishing of a Firearm during and in relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A) and § 2. (J.A. p. 78)

On November 1, 2013 Deshaun Spruill was named in a two count Criminal Information filed in the Eastern District of North Carolina. The criminal information charged Mr. Spruill with Aiding and Abetting the Use and Carrying of a Firearm during and in relation to a Crime of Violence on January 11, 2012 and January 23, 2012 in violation of 18 U.S.C. § 924(c)(1)(A) and § 2 (hereinafter referred to as a 924(c) charge or 924(c) conviction). On that same day, Mr. Spruill pled guilty pursuant to a Memorandum of Plea to both counts of the Criminal Information. (J.A. p. 142, 144)

On November 4, 2013, Trevin Gibson and Prentise Wilkins were each named in separate two (2) count Criminal Informations charging each with Aiding and Abetting the Use and Carrying of a Firearm during and in relation to a Crime of Violence on January 11, 2012 and January 23, 2012 in violation of 18 U.S.C. § 924(c)(1)(A) and § 2. On the same day, November 4, 2013, Michael Gibson was named in a two count Criminal Information charging him with Aiding and Abetting the Use and Carrying of a Firearm during and in relation to a Crime of Violence on September 10, 2011 and November 12, 2011 in violation of 18 U.S.C. § 924(c)(1)(A) and § 2. The

5

same day the criminal informations were filed, Trevin Gibson, Michael Gibson and Prentise Wilkins each pled guilty to all charges pertained in the respective individual Criminal Information.  (J.A. p. 174, 176, 178, 208, 216, 250)

On February 11, 2014, Trevin Gibson, Michael Gibson and Deshaun Spruill all appeared before the Honorable James C. Dever, III for sentencing. A separate sentencing hearing was held for each individual.  The sentences imposed were as follows:

* Trevin Gibson was sentence to 216 months imprisonment on the first 924(c) charge and 300 months imprisonment on the second 924(c) charge to run consecutively to the first term of imprisonment imposed. Trevin Gibson was also sentenced to a term of five years supervised release. The district court further recommended that Mr. Gibson not be housed at the same facility as any of the co-defendants and particularly not to be housed with his brother, Michael Gibson. (J.A. p. 376)

* Michael Gibson was sentenced a term of imprisonment of 132 months on the first 924(c) charge and to a consecutive term of 300 month term of imprisonment  on the second 924(c) charge.  (J.A. p.322-323)  The district court also indicated that in the event there was an error in imposing an upward departure, the alternative variant sentence would be the same, *i.e.*

432 months.  (J.A. p. 324-325)  The district court also imposed a term of five years supervised release for Michael Gibson. (J.A. 324-325)

    * Deshaun Spruill was sentence to a term of 96 months imprisonment on the first 924(c) conviction and a term of 300 months imprisonment on the second 924(c) to run consecutive to the first sentence imposed.  A term of five (5) years supervised release was also imposed. (J.A. p. 370)

  Mr. Wilkins appeared for sentencing on July 15, 2014, before the Honorable Chief District Judge James C. Dever, III.  Prior to sentencing, the Government filed a motion for a departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) based upon Mr. Wilkins' substantial assistance to the Government.  The Government recommended a sentence of 300 months imprisonment.  After hearing the arguments from both Mr. Wilkins and the Government, the district court imposed a sentence of 60 months on Count 1 and 216 months on Count 2 to be served consecutively in the Bureau of Prisons.   (J.A. p.404)

  Mr. Trevin Gibson filed a timely notice of appeal on February 24, 2014.  (J.A. p. 382)  Mr. Michael Gibson also filed a timely notice of appeal on February 28, 2014.  (J.A. p. 384)  Mr. Spruill filed notice of appeal on March 6, 2014 which was also timely filed.  (J.A. p. 386)  Mr. Wilkins filed

his notice of appeal on July 28, 2014 within the required time frame. (J.A. p. 410)

*Factual Background*

These matters concern a series of robberies of fast food restaurants that occurred in several counties in eastern North Carolina between September 2011 until January 23, 2012.  The modus operandi for each robbery basically consisted of entering a fast food restaurant wearing hooded sweatshirts and bandanas or masks and brandishing firearms and/or knives and demanding money.  During a robbery one individual would remove currency from the cash registers while another individual would escort the store manager to the store safe for opening and a third individual would be waiting outside as a driver.  (J.A. p. 416, 435, 454, 472)   At no time during the robberies was there any indication that any patrons or employees of the restaurants were physically harmed or injured.  (J.A. p. 416, 436, 455, 473)

As a result of these series of robberies, the four appellants and a fifth man were named in a thirty-two (32) count Indictment on June 13, 2012 which was later superseded by a second thirty-two (32) count Indictment filed on March 12, 2013.  The Superseding Indictment charged the four appellants with sixteen (16) counts of Aiding and Abetting another in the Robbery of a Business engaged in Interstate Commerce in violation of  18

8

U.S.C. § 1951(b) and § 2 and sixteen (16) counts of Aiding and Abetting another in the Use of a Firearm during a Crime of Violence in violation of 18 U.S.C. § 924(c) and § 2.  (J.A. p. 78)

Subsequently, several months later, Criminal Informations were filed as to each of the appellants charging each with two counts of using a firearm during a crime of violence.  On the same day each criminal information was filed, each appellant pled guilty to both 924(c) counts contained in the criminal information related to him.  (J.A. p. 142 174, 176, 178)  and (J.A. p. 144, 208, 216, 250)

Following the entry of these pleas, the Office of Probation prepared Pre-Sentence Reports (PSR) for each of the appellants.  (J.A. p. 412, 431, 450, 468)

Since the convictions were for violations of 18 U.S.C. § 924(c), the guideline sentence is the minimum term of imprisonment required by statute. Title 18 U.S.C. § 924(c) requires a minimum five year term of imprisonment to be imposed consecutively to any other term of imprisonment.  In addition, the statute requires that in the case of a subsequent 924(c) conviction, a twenty-five (25) year term of imprisonment is to be imposed consecutively to any other term of imprisonment.  Therefore, for each of the four appellants the advisory guideline sentence for the first 924(c) conviction was

9

a 60 month term of imprisonment for the Count One conviction and a 300 month term of imprisonment for the Count Two conviction to be served consecutively to the sentence imposed in Count One.

Three of the appellants, Trevin Gibson, Michael Gibson and Deshaun Spruill were sentence on the same day but in separate sentencing proceedings. Appellant Wilkins was sentenced several months later.

Among the three appellants sentence on February 11, 2014, Deshaun Spruill was sentenced first. Mr. Spruill was sentenced to 96 months imprisonment on the first 924(c) conviction followed by a 300 month term of imprisonment on the second 924(c) conviction and a five year term of supervised release. (J.A. p. 370)

Michael Gibson was sentence next. Mr. Gibson was sentence to a 132 month term of imprisonment on the first 924(c) conviction followed by a 300 month term of imprisonment on the second 924(c) conviction and a five year term of supervised release. (J.A. p. 364)

Finally, Trevin Gibson was sentenced. Trevin Gibson was sentence to 216 months imprisonment on the first 924(c) conviction and 300 months imprisonment on the second 924(c) conviction followed by a five year term of supervised release. (J.A. p. 376)

During the sentencing hearing, counsel for Michael Gibson inquired of the sentencing court if it would recommend that Trevin Gibson and Michael Gibson be placed at the same Bureau of Prisons facility in order to assist the brothers' parents in being able to visit each of their children given that the parents would probably not live long enough to see their sons outside of a prison facility. The sentencing court not only recommended that none of these men be housed together while serving these terms of imprisonment but specifically recommended that the Gibson brothers not be located in the same facility. (J.A. p. 315, 325-326)

Mr. Wilkins was sentence on July 15, 2014. Prior to the sentencing proceeding, in Mr. Wilkins' case, the Government filed a Motion for a Downward Departure based upon Substantial Assistance on behalf of Mr. Wilkins. Mr. Wilkins was sentence to a 60 month term of imprisonment on the first 924(c) conviction and a 216 month term of imprisonment on the second 924(c) conviction followed by a five year term of supervised release. (J.A. p. 404)

All appellants filed timely notices of appeal. (J.A. p. 382, 384, 386, 410)

# SUMMARY OF ARGUMENT

I.      Rather than sentencing Michael Gibson to the total guideline punishment of 360 months, the district court upwardly departed on the first 924(c) count by 120 percent [132 months] and imposed a total sentence of 432 months.  The court rejected Mr. Gibson's arguments that a 30 year sentence was sufficient but not greater than necessary punishment, would be a deterrence to others and would protect the public as he would be incarcerated for longer than he had lived so far, him being 22 years of age. (J.A. p. 312-315).  The district court primarily focused on dismissed conduct that was the basis for the 924(c) convictions and his criminal record.  (J.A. p. 320-322).  Mr. Gibson contends that the district court abused its discretion by imposing a sentence that was greater than necessary under the circumstances.  Michael Gibson respectfully contends that the trial court abused its discretion by imposing a substantively unreasonable sentence which was a 120 percent upward departure from the guideline punishment for his first 924(c) count when it failed to properly consider the sentencing factors as required by 18 U.S.C. § 3553(a).

II.     The district court indicated that, in the event that there was error in imposing an upward departure from the guidelines for the first 924(c) count, the alternative variant sentence would be the same, *i.e.*, 432 months

12

for both 924(c) counts.  (J.A. p. 271-272).  Michael Gibson respectfully contends that the alternate variant sentence is substantively unreasonable under the circumstances.  Michael Gibson further contends an alternative variant sentence of 432 months, rather than 360 months, for both 924(c) convictions is substantively unreasonable.

III.    A district court must impose a procedurally reasonable sentence.  A requisite of being a procedurally reasonable sentence is that a district court give an explanation for the sentence imposed.  In the matter of Deshaun Spruill, the district court failed to provide any response whatsoever to Mr. Spruill's arguments as to why he should be subject to the mandatory minimum without any further upward departure in sentence.  By declining to provide any explanation whatsoever, the district court erred and Mr. Spruill's sentence must be vacated and remanded for resentencing.

IV.    Under this Court's binding precedence, the district court may only consider Prentise Wilkins' substantial assistance to the Government to determine the appropriate sentence below the statutory minimum.

V.    The imposition of an additional thirteen (13) years of imprisonment over and above the statutory minimum sentence for a first 924(c) offense was not supported by sufficient § 3553(a) factors leading to the sentence being substantively unreasonable.

13

VI.    The Eight Amendment to the United States Constitution guards against cruel and unusual punishment for the violation of criminal statutes. Extreme sentences that are grossly disproportionate to a crime can be considered unconstitutional.  A sentence of more than three and one half times the statutory minimum sentence set by the United States Congress along with additional forms of punishment related to time spent incarcerated amounts to cruel and unusual punishment.

# ARGUMENT

I.    **WHETHER MICHAEL GIBSON SHOULD BE RE-SENTENCED DUE TO SUBSTANTIVE UNREASONABLENESS OF HIS SENTENCE BECAUSE THE DISTRICT COURT VIOLATED THE REQUIREMENTS OF 18 U.S.C. § 3553(a) WHEN IT UPWARDLY DEPARTED 120 PERCENT FROM THE GUIDELINE PUNISHMENT OF 60 MONTHS AND INSTEAD IMPOSED A 132 MONTH SENTENCE ON THE FIRST 924(c) OFFENSE.**

*Standard of Review*

Sentencing courts have discretion to sentence defendants within the statutory range, regardless of whether the sentence falls within the Guideline range or without. *United States v. Raby*, 575 F.3d 376, 380 (4th Cir. 2009) (citing *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 598 (2007)). The district court's sentence is reviewed for reasonableness under an abuse-of-discretion standard. *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010).[1]

An appellate court must first "ensure that the district court committed not significant procedural error." *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009). Only if the sentence is found to be procedurally reasonable

---

[1] The issue of abuse of discretion by a trial court does not fall within the scope of the appellate waiver contained in Michael Gibson's plea agreement. *See United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992) ("[A] defendant who waives his right to appeal does not subject himself to being sentenced entirely at the whim of the district court[.]")

can this Court " consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.*

*Argument*

A district court must engage in a multi-step process prior to imposing a sentence. First, the court must correctly determine, after making appropriate findings of fact, the applicable guideline range. Next, the court must determine whether a sentence within that range serves the factors set forth in 18 U.S.C. § 3553(a) and, if not, select a sentence within statutory limits that does serve those factors. The district court must articulate the reasons for the sentence imposed, particularly explaining any departure or variance from the Guideline range. *United States v. Perez-Pena*, 453 F.3d 236, 241 (4th Cir. 2006) (internal citations omitted).

In Michael Gibson's case, the guideline punishment for the first conviction of a 924(c) violation is the statutory minimum of five years. U.S.S.G. § 2K2.4B; 18 U.S.C. § 924(c)(1)(A)(i). However, as required by Fed. R. Crim. P. 32(d)(1)(E), the PSR notified Appellant that the district court may wish to consider a upward departure based on dismissed or uncharged conduct pursuant to U.S.S.G. § 5K2.21. (J.A. p.444)  There were no unresolved objections to the PSR. (J.A. p.445)  The trial court adopted the PSR without change. (J.A. p.310)  The first step of the analysis

16

required by this Court's *Perez-Pena* decision therefore was satisfied as the findings were procedurally reasonable.

Counsel for Michael Gibson argued for the district court to sentence Appellant on the first 924(c) count to the statutory minimum, citing his young age [22], documented substance abuse history and incarceration in the North Carolina Department of Correction on unrelated charges at the time of the indictment on the instant matters. (J.A. p.312 -315) Defense counsel contended that Michael Gibson would be more than 50 years old before being eligible for supervised release if the district court sentence him to the statutory minimum of 30 years for both 924(c) counts. (J.A. p. 313) The trial court, however, focused on the dismissed conduct and Michael Gibson's criminal history to justify a 120 percent upward departure for the first 924(c) count based on the seriousness of the crimes and the need to protect society from him. (J.A. p. 322)

Michael Gibson respectfully contends that a 120 percent increase over the statutory minimum for the first 924(c) conviction is substantively unreasonable as it is greater than necessary given his history and characteristics, the need to afford adequate deterrence to criminal conduct and the need to protect the public from any further crimes that he might commit. *See* 18 U.S.C. §§ 3553(a)(2)(A), (B) and (C); *See also Rita v.*

17

*United States*, 551 U.S. 338, 127 S. Ct. 2456, 2464-5 (2007) (The guidelines seek to embody § 3553(a) factors and reflect "a rough approximation of sentences that might achieve § 3553(a)'s objectives").

A review for substantive reasonableness takes into account the "totality of the circumstances." *Gall*, 128 S. Ct. at 597. As part of the review, this Court considers the extent any variance from the Guidelines range, giving due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance. *Id.*

The district court's analysis of Appellant's criminal history overstates the seriousness of Michael Gibson's prior convictions: none of his state felony convictions qualified as federal felony convictions under *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) as the sentences were less than one year of imprisonment. (J.A. p.438-439). Furthermore, the district court ignored the fact that *all* of Michael Gibson's state convictions were accrued when he was 17 and 18 years old. *See United States v. Howard*, ____ F.3d _____, Nos. 13-4296 and 4299, at *25-26 (4th Cir. 2014) ("[W]e cannot ignore the fact that most of his serious criminal convictions occurred when he was eighteen years old or younger."); (J.A. p.438-439). The district court failed to recognize that youth is a "mitigating factor derive[d] from the fact that the signature qualities of youth are transient; as individuals mature,

the impetuousness and recklessness that may dominate in younger years can subside." *Roper v. Simmons*, 543 U.S. 551, 569-70, 125 S. Ct. 1183 (2005).

The district court's conclusion that the upward departure is necessary to deter Michael Gibson from further criminal conduct and protect the public from any future crimes that he might commit is without any basis in fact. This Court has found that the risk of recidivism is inversely proportional to age. *Howard*, at *30-32 (there is a statistically significant drop in recidivism for offenders aged 45 to 54 compared to 35 to 44 year olds, and rates for those aged 55 and older are even lower.")  (Internal citations omitted). Michael Gibson would be in his 50's before he would be placed on supervised release.

This Court has held that *all* of the sentencing factors as set forth in 18 U.S.C. § 3553(a)(2) must be considered by a sentencing court in identifying the need for the sentence to reflect the seriousness of the offense and provide just punishment, afford adequate deterrence to criminal conduct, protect the public from the defendant's crimes and provide the defendant with rehabilitation.  *Howard* at *36-37 (citing *United States v. Shortt*, 485 F.3d 243, 249 (4th Cir. 2007).

The district court in Michael's Gibson's case utterly failed to consider his youth and his substance abuse issues.  Instead, the court improperly

19

overemphasized dismissed conduct and non-federal felony convictions that
occurred when Michael Gibson was 17 and 18 years old in concluding that a
120 percent upward departure for the first 924(c) conviction would protect
the public from his recidivism, although there was no basis to conclude that
he would re-offended when on supervised release as a man in his 50's.
Michael Gibson' sentence for the first 924(c) conviction therefore was
substantively unreasonable and should be vacated. *See Shortt*, 485 F. 3d at
249 ("A sentence that fails to fulfill the purposes of sentencing cannot be
saved, even if supported by consideration of .... other factors.").

## II.  WHETHER MICHAEL GIBSON'S ALTERNATIVE VARIANT SENTENCE OF 432 MONTHS FOR TWO CONVICTIONS PURSUANT TO 18 U.S.C. § 924(c) IS SUBSTANTIVELY UNREASONABLE.

*Standard of Review*

The substantive reasonableness of a sentencing decision is reviewed
under an abuse of discretion standard.  *United States v. Meyers*, 598 F.3d
117, 123 (4th Cir. 2009); *United States v. Heath*, 559 F.3d 263, 266 (4th Cir.
2009).

*Argument*

A variance sentence must be tied to the factors set forth in § 3553(a)
and must be accompanied by findings of fact as necessary.  *Perez-Pena*, 453
F.3d at 241.  The district court must consider all of the § 3553(a) factors,

20

make a individualized assessment based on the facts presented and explain how the facts relate to the purposes of sentencing. *Pepper v. United States*, 562 U.S. _____, 131 S. Ct. 1229, 1242-43 (2011); *Gall*, 128 S. Ct. at 597. The court's "overarching" duty is to "'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing." *Pepper*, 131 S. Ct. at 1242-43.

The district court in Michael Gibson's case imposed a sentence that was far greater than necessary to accomplish the goals of sentencing. The court failed to consider Mr. Gibson's youth and substance abuse issues. The district court instead improperly focused on Michael Gibson's state felony convictions which are not federal felonies under *Simmons* and which occurred when he was 17 or 18 years old. The district court further found, without any supporting empirical basis, that the enhanced sentence would protect the public from an recidivists acts of Michael Gibson when he is ultimately released from prison at an age of 50 years when he would be on supervised release. *See* Argument I, *supra.*

This Court has held that a sentence which fails to fulfill the purposes of sentencing "cannot be saved" even if supported by consideration of some of the factors of 18 U.S.C. § 3553(a). *Shortt*, 458 F. 3d at 249. Considering the circumstances in Michael Gibson's case as set forth above, the alternate

variant sentence is substantively unreasonable.  *See Gall*, 128 S. Ct. at 597

(Discussing test for a substantively reasonable sentence).  Michael Gibson's

alternate variant sentence should therefore be vacated.  *See Howard*, at *10

and *38 (upward departure sentence and alternate variant sentence found

substantively unreasonable and vacated).

### III.    THE DISTRICT COURT IMPOSED A PROCEDURALLY UNREASONABLE SENTENCE BY FAILING TO ADDRESS MR. SPRUILL'S ARGUMENTS IN FAVOR OF A SENTENCE BELOW THAT IMPOSED AND BY NOT EXPLAINING WHY IT REJECTED THOSE ARGUMENTS.

*Standard of Review*

This Court reviews a sentence for reasonableness under an abuse-of-

discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  In

deciding whether a sentence is unreasonable, this Court first determines

whether it is procedurally unreasonable, and then determines whether it is

substantively unreasonable.  *United States v. Carter*, 564 F.3d 325, 328 (4th

Cir. 2009).

*Argument*

A district court must impose a procedurally reasonable sentence.  *Id.*

This means that a district court must, at a minimum, adequately explain the

chosen sentence, which includes addressing non-frivolous arguments made

by a party in support of a sentence different from that imposed.  *Id.* at 328-

29.  As long as an argument is "not so weak as not to merit discussion" the

sentencing court must respond to it. *United States v. Villegas-Miranda*, 579

F.3d 798, 802 (7th Cir. 2009)(citation omitted).  Even if the sentencing court

provided reasons for the sentence imposed, an appellate court "cannot find

its silence in response to a defendant's principal argument to be harmless

error because we can never be sure of what effect it had, or could have had,

on the court's decision." *Id.*

A district court's explanation of the sentence does not, of course, need

to be lengthy or unduly comprehensive, but it must provide some basic

reasoning and analysis–both to "'allow[] for meaningful appellate review'"

and to "'promote[] the perception of fair sentencing.'"  *Carter*, 564 F.3d at

328 (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)).

Here, the district court provided no response whatsoever to Mr.

Spruill's arguments.  Mr. Spruill was facing a mandatory minimum 30-year

sentence.  His attorney argued that this three-decade sentence was

"sufficient, but not greater than necessary" to punish him.  *See* 18 U.S.C.

§ 3553(a).  She noted that, unlike many individuals convicted of violent

federal felonies, Mr. Spruill had no criminal history whatsoever.  Other than

for the robberies in the present case, Mr. Spruill had not even been arrested

before. These robberies were violent, but they were an aberration in an otherwise law-abiding life.

Mr. Spruill's law-abiding life involved enrolling in community college and volunteering to join the Army. He, unfortunately, was arrested on these charges before he could report to the Army. But he was still attempting to find positive influences to leave his life and his family behind.

Because, as his attorney argued, other influences in Mr. Spruill's life, like his cousin and co-defendant Trevin Gibson, pulled him into this life of crime. As she argued, "you can't change a family, and in his family there were bad influences." (J.A. p. 291-291). And those influences drove Mr. Spruill's criminal conduct. "He did fall under the influence of his cousins, particularly [Mr. Gibson], who was the clear leader in these crimes." (J.A. p. 292). Mr. Gibson was the person pulling the strings and making sure that he was not on the front lines of the robberies.

This argument was not made, of course, to excuse Mr. Spruill's conduct, but to demonstrate to the district court that punishment above the three-decades demanded by statute would be excessive. These non-frivolous arguments in support of a lower sentence implicated, among other things, "the history and characteristics of the defendant," as well as mitigating "the

need for the sentence imposed . . . to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (2)(C).

In imposing sentence, the district court stated, "I have listened to your lawyer suggest that you should get the mandatory minimum and the government has recommended it." (J.A. p. 299-300). But the district court did not mention—in any way whatsoever—the actual arguments that Mr. Spruill's attorney made. While it is true that a district court need not provide a lengthy explanation of why it is rejecting an argument, it is equally true that the district court must at least *mention* the argument, both to ensure adequate review by this Court and to promote the public perception of fair sentencing. By declining to provide any explanation whatsoever, the district court erred. Mr. Spruill's sentence must be vacated and his case remanded for resentencing. *See*, *e.g.*, *United States v. Villamil*, 585 Fed. Appx. 301 (4th Cir. 2014)(unpublished)(vacating sentence as procedurally unreasonable because district court did not provide adequate explanation); *United States v. Chaimowitz*, 554 Fed. Appx. 135, 138 (4th Cir. 2014)(unpublished)(vacating revocation sentence as procedurally unreasonable because district court did not provide adequate explanation).

IV.    **WHETHER THE DISTRICT COURT COMITTED PROCEDURAL ERROR IN IMPOSING A SENTENCE UPON PRENTISE WILKINS.**

*Standard of Review*

This Court reviews a sentence for reasonableness under an abuse of discretion standard, *Gall v. United States*, 552 U.S. 38, 51 (2007), which requires consideration of both the procedural and substantive reasonableness of a sentence. *Id.*  In determining the procedural reasonableness of a sentence, this Court considers whether the district court properly calculated the defendant's Guidelines range, treated the Guidelines as advisory, considered the 18 U.S.C. § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. *Gall*, 552 U.S. at 51.  *See also United States v. Boulware*, 604 F.3d 832, 837-38 (4th Cir.2010).

Pure questions of law related to Guidelines determinations are reviewed *de novo*, while factual findings at sentencing are reviewed for clear error.  *See United States v. Dove*, 247 F.3d 152, 155 (4th Cir.2001).

*Argument*

If a crime carries a mandatory minimum sentence, a district court must impose at least the mandatory minimum unless a statutory exception applies. District courts have "[l]imited authority to impose a sentence below

26

a statutory minimum." 18 U.S.C. § 3553(e).  The district court is given such

authority when the Government makes a motion for a reduced sentence

based on the "defendant's substantial assistance in the investigation or

prosecution of another person who has committed an offense." *Id*.

Likewise, the United States Sentencing Guideline § 5K1.1(a) states:

The appropriate reduction shall be determined by the court for
reasons stated that may include, but are not limited to,
consideration of the following:
(1)    the court's evaluation of the significance and usefulness
       of the defendant's assistance, taking into consideration
       the government's evaluation of the assistance rendered;
(2)    the truthfulness, completeness, and reliability of any
       information or testimony provided by the defendant;
(3)    the nature and extent of the defendant's assistance;
(4)    any injury suffered, or any danger or risk of injury to the
       defendant or his family resulting from his assistance;
(5)    the timeliness of the defendant's assistance.

However, the extent of a departure based on substantial assistance

cannot be based on any factor beyond the defendant's substantial assistance

and other factors related to that assistance. *United States v. Hood*, 556 F.3d

226 (4th Cir. 2009).  In *Hood*, this Court addressed whether a district court

could consider non-assistance factors in determining the extent of a

departure from a mandatory minimum sentence under 18 U.S.C. § 3553(e).

The defendant in *Hood* argued that a sentence imposed pursuant to a

substantial assistance departure should be measured by non-assistance

factors.  *Id*. at 234 n. 2.  The court in *Hood* concluded that the extent of a

27

substantial assistance departure below a mandatory minimum could be based "solely on the defendant's substantial assistance and other factors related to that assistance." *Id.  See also United States v. Spinks*, 770 F.3d 285, 287-88 (4th Cir. 2014). (the extent of a § 3553(e) departure from a mandatory minimum can be determined, only by considering factors that "reflect" a defendant's substantial assistance. )

In all convictions of 18 U.S.C. § 924(c), the district court must utilize the statutory minimum as the advisory guideline, no other considerations are a factor in the establishment of the guideline.  Consider that without the Government's motion, the district court's hands were tied to the statutory minimum sentence as the guideline.  *See United States v. Robinson*, 404 F.3d 850, 862 (4th Cir.2005) (absent government motion for departure for substantial assistance under § 3553(e), district court has no discretion to sentence below statutory minimum).  Offenses for which there is only a mandatory minimum sentence, the advisory guideline is established without regard the criminal history, the nature of the offense, the role a defendant may have played, whether the defendant accepted responsibility, etc.  Absent an upward departure or upward variance, the district court's hands are likewise restrained to the minimum proscribed by statute.

28

Prior to sentencing, the government filed a motion for a downward departure under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, based on Mr. Wilkins' substantial assistance. The government recommended that the court depart downward from the mandatory minimum sentence of 60 months on Count 1 and 300 months consecutive on Count 2 to a term of 300 months. (J.A. p. 392, 483).

Therefore, the district court was bound by this Court's precedent in *Spinks* and *Hood* to only consider Prentise Wilkins' "substantial assistance" to determine the extent of the departure below the statutory minimums. However, it is clear from the district court's recitation of its consideration of the sentencing factors and Mr. Wilkins behaviors that the district court imposed a sentence based on much more than his assistance to the Government. (J.A. p. 395-399).

## V. THE SENTENCING COURT'S IMPOSITION OF AN ADDITIONAL 13 YEARS IMPRISMENT ON THE FIRST 924(c) CONVICTION FOR TREVIN GIBSON LACKED SUBSTANTIVE REASONABLENESS.

*Standard of Review*

Appellate review of a criminal sentence for reasonableness uses an abuse of discretion standard. *United States v. McManus*, 734 F.3d 315, 317 (4th Cir. 2013) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).

*Argument*

Currently, this Court's obligation when reviewing a sentence is to decide whether or not the sentence imposed is or is not reasonable.  In determining if a sentence is reasonable this Court looks to see

1.    if the advisory sentencing guidelines were calculated correctly;

2.    if the parties each were given an opportunity to argue for what each party believed to be an appropriate sentence;

3.    if the 3553(a) sentencing factors were considered;

4.    if the sentence was based clearly on erroneous facts and

5.    if the district court explained the sentence it chose.

*See United States v. Allmendinger*, 706 F.3d 330, 340, (4th Cir.), *cert. denied*, 133 S. Ct. 2747 (2013); *United States v. Carter*, 564 F.3d 325, 328, 330 (4th Cir. 2009); *Rita v. United States*, 551 U.S. 338, 356 (2007).  If each of these five (5) points are met, the current case law holds that the district court is extended due deference in fashioning a sentence and the sentence is then deemed reasonable.  Case law has held that the sentencing court does not have to give specific or detailed information about which § 3553(a) factors it considered nor the weight given any of the § 3553(a) factors.  All the sentencing court need do is acknowledge that it has considered the § 3553(a) factors.  Likewise, a sentencing court does not have to give great detail in explaining the sentence it chose.  A sentencing court merely has to

recite some reason for the sentence.  *United States v. Carter*, 564 F.3d 325, 328-329 (4th Cir. 2009) (quoting *Gall v. United States*, 522 U.S. 38, 50 (2007)).

Failure of a sentencing court to address any of the five (5) points above may result in a sentence being vacated for procedural error.  There should be more of an assessment of reasonableness than did a sentencing court at least mention the five factors during a sentencing hearing.  Without a further inquiry into how the sentence imposed varied from basic tenements that established the base offense level of the crime and why such a sentence was imposed, an assessment of whether or not a sentence is reasonable merely becomes an exercise in whether or not the "magic words" were said at a sentencing hearing.

This is the case in the matter at hand.  In Trevin Gibson' case, Mr. Gibson knew when he signed the Memorandum of Plea that he would walk out his sentencing hearing having been sentenced to no less than 30 years imprisonment.  (Statutory sentence of 5 years on the first 924(c) conviction and a consecutive sentence of 25 years on the second 924(c) conviction) Mr. Gibson knew this and the Government knew this.  The Government, having negotiated the plea and having filed a criminal information to reflect the same, was satisfied that such would be a sufficient sentence based upon

the charged conduct, any uncharged conduct and relevant conduct.  This was

demonstrated by the Government's statement that it "will [would] make no

specific recommendation to the court today as to sentence." (J.A. p. 340)

Yet, the sentencing court saw fit to increase Mr. Gibson's sentence by an

additional 13 years of imprisonment.

     The sentencing court went through the five (5) factors that are

required to deem a sentence reasonable.  If the sentence is assessed only on

whether or not those five factors were addressed, then the easy answer to the

question of was the sentence reasonable is yes.  But if one looks carefully at

the reasons the sentencing court gave for the 13 year increase in Mr.

Gibson's sentence then one finds there is little substance to support such an

increase.

     The most telling comment of the sentencing court as to Mr. Gibson's

sentence was  the court indicated it would assure that Mr. Gibson did not

> ...get right back into the criminal lifestyle that he has
> [had] embraced. And the court will [would] prevent
> that today with the sentence I    impose because when
> he gets out he is going to be an old man."

(J.A. p. 350)

     Without even addressing the issue of what constitutes an "old man",

the sentencing court decided it needed to upwardly depart so it would assure

Mr. Gibson would be an old man when, and if, he was ever released from

the Bureau of Prisons.  The sentencing court then sentence Mr. Gibson to a term that would ensure he would be approximately eighty years old or older when he was released from prison. (J.A. p. 351)

The sentencing court said it considered the § 3553(a) factors.  One of § 3553(a) factors the sentencing court pointed out was that it had considered Mr. Gibson's prior federal conviction.  (J.A. p. 333)  Mr. Gibson's prior federal conviction had already been taken into account when calculating the advisory sentencing guidelines.  It is unreasonable to increase his punishment based upon a point already taken into consideration.  It is unreasonable to keep adding prison time to a sentence just because any additional time will fall within a statutory range.

In its consideration of the § 3553(a) factors and an attempt to explain the sentence imposed, the sentencing court stated that it needed to impose a sentence with 13 years of additional imprisonment over the advisory guideline range because it needed to protect society.  (J.A. p. 350)  The crime of robbery is bad.  No one wants to have a firearm waived around them but many robberies involve the use of firearms.  The United States Sentencing Commission took into consideration the usual fact patterns associated with a robbery when establishing a base offense level for the crime of robbery.  The United States Congress set punishment for situations

33

where firearms were used during robberies. *See* 18 U.S.C. § 924(c). There was nothing in the present matter that the sentencing court nor the facts themselves identified as being outside the norm set of facts associated with a robbery. (J.A. p. 416) Not to discount that robberies should not be committed at all nor that being a victim of a robbery is not a traumatic event, there is nothing in the present matter that justifies the sentencing court adding 13 years imprisonment to a cumulative thirty (30) year sentence. A thirty year sentence with a five year term of supervised release should be sufficient to not only protect the public from future crime but to also deter any further crime by this defendant.

The sentencing court's unreasonableness in the sentence imposed and desire to impose as much punishment as possible can further be seen in the recommendations of the court. The sentencing court specifically recommended that Mr. Gibson and his brother not be housed together by the Bureau of Prisons during their terms of incarceration. (J.A. p. 354) The sentencing court stated that it believed Michael and Trevin Gibson needed to be as far away from each other as possible. (J.A. p. 326) There was no evidence of which brother, if either, was an influence on the other. (J.A. p. 334, 339) There were other persons involved in these robberies but other than Mr. Spruill's trial counsel arguing at sentencing he had been influenced

34

by Mr. Gibson there is no evidence that Mr. Gibson influenced anyone. Specifically ordering that these brothers not be housed together amounts to further punishment. Having already sentence both men to sentences whereby they each would in advance years before ever being released from prison, keeping these brothers apart for essentially the rest of their lives is unreasonable and serves no useful purpose. Neither of these brothers will ever see the other until each is in his well advance years of life provided they both survive that long. Furthermore, this increases the punishment of both Mr. Gibsons and punishes their family members. With the brothers in separate facilities, the family has to divide its visits between the two brothers rather than being able to travel to only one facility and see both children during the same period of travel.

The purpose of sentencing is to consider all those factors denoted in § 3553(a) and to then fashion a sentence that punishes but does not unnecessarily punish. One of the purposes of the advisory sentencing guidelines is to keep in check those parts of inherent human nature that cause one to react to different circumstances in different ways. A sentencing court should have some deference in fashioning a sentence. A sentencing court gets to see the nonverbal communication that a transcript does not reflect. However, to merely say a sentence is reasonable just because the

35

perfunctory steps have been acknowledged does not necessarily means it is reasonable or that such a sentence promotes justice. In the instant matter, the sentencing court imposed a sentence that essentially amounts to a life sentence. These crimes were a series of robberies and other than the number of robberies committed there is nothing so egregious about the robberies as to warrant a sentence outside of the advisory sentencing guidelines. There is nothing to base a 13 year increase in imprisonment on except the sentencing court decided for whatever reason it would be sure that Mr. Gibson would be "an old man" when he was eligible for release and it then increased the sentence to be sure such was the case. It is unreasonable to sentence a defendant based on a need of the sentencing court to be sure Mr. Gibson was "an old man" when he is eligible for release. Furthermore, it is unreasonable to further increase Mr. Gibson's punishment by separating him from his brother for basically the rest of his life and to decrease his family's ability to visit with him because they have to divide their visitation time and travel time between two facilities.

Just because a sentence can be imposed does not mean it should be imposed. Just because a sentence can be imposed does not mean it is just or it is reasonable in certain circumstances. When a sentence punishes more harshly than provided by the advisory guidelines then there needs to be a

way to assess that sentence for unreasonableness in a meaningful way rather than just a review of whether or not there was a perfunctory acknowledgment of a series of steps. Without a such a review, a defendant is back to the days before the United States Sentencing Commission when there is no consistent sentencing of similar defendants as to similar crimes.

For the reasons set forth above, the sentence imposed on Count One for Mr. Gibson should be deemed unreasonable and thus vacated. There is nothing to support a 13 year increase in the sentence other than the sentencing court's desire to imprison Mr. Gibson for what amounts to the rest of his life.

**VI.    THE IMPOSITION OF A SENTENCE 3.6 TIMES GREATER THAN THE ADVISORY GUIDELINE SENTENCING RANGE COUPLED WITH ADDITIONAL RECCOMMENDAITONS TO THE BUREAU OF PRISONS RESULTED IN THE IMPOSITION OF CRUEL AND UNUSUAL PUNISHMENT.**

*Standard of Review*

The question of whether a sentence violates the Eight Amendment to the United States Constitution is reviewed *de novo*. *See United States v. Meyers*, 280 F.3d 407, 416 (4th Cir. 2002).

*Argument*

The Eight Amendment to the United States Constitution provides that upon conviction a defendant should not be subject to cruel and unusual

punishment.  The United States Supreme Court has held that there is no proportionality requirement guaranteed by the Eight Amendment.  The Eight Amendment does not require strict proportionality between a crime and a sentence but the Eight Amendment does forbid extreme sentences that are grossly disproportionate to the crime. "Extreme sentences that are 'grossly disproportionate' to the crime could [can] be considered unconstitutional." *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2860 (1991).  Though proportionality itself does not make a sentence cruel and unusual, the increase in the amount of imprisonment imposed over the sentence required by Congress should be a factor in determining if a sentence is grossly disproportionate to a crime.  In this instant matter, the sentence imposed was 3.6 times the sentence the United States Congress says is an appropriate sentence.   The United States Congress has indicated that for the crime of using a firearm during a crime of violence the appropriate sentence for the first offense of this nature is a 60 month term of imprisonment.  A sentence of 216 months for the first offense of using a firearm during a crime of violence coupled with a recommendation to the Bureau of Prisons that the defendant be separated from his brother without a showing that one brother is a danger to the other brother amounts to cruel and unusual punishment.

## CONCLUSION

For the reasons stated above, the sentences for all four Appellants should be vacated and the cases remanded to the district court for resentencing.

## REQUEST FOR ORAL ARGUMENT

Because of the significance of the issues presented in these cases, the Appellants respectfully request oral argument.

Respectfully submitted this the 20th day of January, 2015.

/s/ Terry F. Rose
Attorney for Trevin Gibson
P.O. Box 2847
Smithfield, North Carolina 27577
N.C. State Bar No.  19243
(919) 938-1616

Brian Michael Aus
Attorney for Michael Gibson
P.O. Box 1345
Durham, North Carolina 27702
NC State Bar No.: 12845
(919) 666-7690

Eric Brignac
Office of the Federal Public Defender
        Eastern District of North Carolina
150 Fayetteville Street
Suite 450
Raleigh, North Carolina 27601
NC State Bar No.: 28443
(919) 856-4236

Lewis A. Thompson, III
Attorney for Prentise Wilkins
Banzet, Thompson & Styers, PLLC
P.O. Box 535
Warrenton, North Carolina 27589
NC State Bar No.: 8085
(252) 257-3166

## CERTIFICATE OF COMPLIANCE

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

[ X ] this brief contains [*8,091*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

[      ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

[      ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: January 20, 2015            /s/ Terry F. Rose
                                   *Counsel for Appellant Trevin Gibson*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 20th day of January, 2015 I caused this Brief of Appellants and Joint Appendix to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Jennifer P. May-Parker
OFFICE OF THE U.S. ATTORNEY
Federal Building
310 New Bern Avenue, Suite 800
Raleigh, North Carolina  27601
(919) 856-4530

*Counsel for Appellee*

I further certify that on this 20th day of January, 2015, I caused the required copies of the Brief of Appellants and Joint Appendix to be hand filed with the Clerk of the Court and a copy of the Sealed Volumes of the Joint Appendix to be served, via UPS Ground Transportation, upon counsel for the Appellee, at the above address.

/s/ Terry F. Rose
*Counsel for Appellant Trevin Gibson*